UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FERNANDO GUERRERO,

                Plaintiff,

       -against-

B. WHITE-EVANS, Corrections Officer at
Sing Sing Correctional Facility, C. FISHER,
Corrections Officer at Sing Sing Correctional
Facility and J. FLORES, Sergeant at
Sing Sing Correctional Facility,

                Defendants.
-----------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

06 Civ. 5368 (SCR) (GAY)

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

        Plaintiff Fernando Guerrero, proceeding *pro se*, is an inmate of the New York

State Department of Correctional Services ("DOCS") and is presently incarcerated at

Sing Sing Correctional Facility.  Plaintiff commenced the instant action pursuant to 42

U.S.C. § 1983 on the ground that (1) defendant Corrections Officers White-Evans and

Fisher subjected plaintiff to excessive force and (2) defendant Sergeant Flores was

deliberately indifferent to plaintiff's serious medical needs.  Presently before this Court is

defendant Flores' motion for summary judgment pursuant to Rule 56 of the Federal

Rules of Civil Procedure ("FRCP").  For the reasons set forth below, I respectfully

recommend that defendant's motion be granted.


**I.  SUMMARY JUDGMENT STANDARD**

        Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FRCP 56(c).  Specifically, the party seeking summary judgment has the burden of demonstrating that no genuine issue respecting any material fact exists.  LaFond v. General Physics Servs. Corp., 50 F.3d 165, 171 (2d Cir. 1995).  "[T]he movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim."  Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).  If the moving party meets its burden, the burden shifts to the opposing party to come forward with "specific facts showing that there is a genuine issue for trial."  FRCP 56(e).

When deciding a summary judgment motion, the court must resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999).  The question is whether, in light of the evidence, a rational jury could find in favor of the nonmoving party.  Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1224 (2d Cir. 1994).  Summary judgment must be denied, therefore, if the court finds "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).

Further, because plaintiff filed this action *pro se*, the Court must judge his submissions by a more lenient standard than that accorded to formal pleadings drafted by lawyers.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980).  District courts should "read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest

2

arguments they suggest."  See McPherson, 174 F.3d at 280 (quotation and citation

omitted).  These same principles apply to briefs and opposition papers submitted by *pro

se* litigants.  See Ortiz v. McBride, 323 F.3d 191, 194 (2d Cir. 2003).  This liberal

standard, however, "is not without limits, and all normal rules of pleading are not

absolutely suspended."  Stinson v. Sheriff's Dep't of Sullivan County, 499 F. Supp. 259,

262 (S.D.N.Y. 1980).  In other words, plaintiff's *pro se* status does not relieve him of the

usual requirements of summary judgment.  See Lee v. Coughlin, 902 F. Supp. 424, 429

(S.D.N.Y. 1995) (citation omitted) (a "pro se party's 'bald assertion,' completely

unsupported by evidence, is not sufficient to overcome a motion for summary

judgment"); Kadosh v. TRW, Inc., No. 91 Civ. 5080 (PKL), 1994 WL 681763, at *5

(S.D.N.Y. Dec. 5, 1994) ("The work product of pro se litigants should be generously and

liberally construed, but [the pro se's] failure to allege either specific facts or particular

laws that have been violated renders his attempt to oppose defendants' motion

ineffectual.").


## II.  BACKGROUND

Via his Rule 56.1 statement, his deposition testimony and his medical records,

plaintiff proffers the following allegations in support of his claim against defendant

Flores:

On August 15, 2003 at approximately 7:30 p.m., plaintiff was assaulted by

defendants White-Evans and Fisher.  During the course of the alleged assault, plaintiff

was repeatedly punched in the jaw, face, head, eyes and mouth.  Both officers wore

several rings on their hands, which added to the severity of the beating.  Plaintiff

3

sustained visible injuries, including a black eye and lacerations to his mouth and lips. Immediately following the alleged assault, the officers confined plaintiff to his cell.

Shortly thereafter, plaintiff asked C.O. Cooper to call Sergeant Flores.  At approximately 7:50 p.m., Sergeant Flores and C.O. Gonzalez came to plaintiff's cell. Plaintiff told Flores about the assault and asked Flores to take him to the hospital for medical assistance and so that pictures could be taken of the injuries.  Flores stated "I will return soon" and left plaintiff's cell.  After a brief conversation with plaintiff, Gonzalez left.

Later that evening, after the 11:00 p.m. shift change, plaintiff asked Officer Batista to call the Sergeant.  Batista asked why, and plaintiff responded "Isn't it apparent to you from watching me with your own eyes?"  Batista left and plaintiff fell asleep.

The next morning, at approximately 8:40 a.m., plaintiff brought the matter to the attention of Sergeant Ingenito.  Sergeant Ingenito escorted plaintiff to the prison clinic where he was examined at approximately 9:25 a.m..  According to the medical records, plaintiff complained of mild pain, and the examination revealed a 0.5 centimeter contusion under his right eye, a superficial abrasion on his right lower lip, a superficial abrasion to the inside of his right lower cheek and clicking in the temporomandibular joint ("TMJ").  Plaintiff was diagnosed with "right facial contusions," treated with Tylenol, and scheduled to be re-evaluated in two days.  Ultimately, on or about February 10, 2005, plaintiff underwent surgery for his TMJ problem, which plaintiff alleges manifested as a result of the alleged assault.

## III.  DELIBERATE INDIFFERENCE

Plaintiff claims that his Eighth Amendment rights were violated because

4

defendant Flores deliberately delayed plaintiff's medical treatment for fourteen hours.

In order to establish his Eighth Amendment claim for deliberate indifference, plaintiff

must demonstrate (1) that he suffered from a serious medical condition that could result

in death, degeneration or extreme pain and (2) that defendant Flores knowingly

disregarded this threat to his health.  See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir.

1994).  In cases such as the one at bar, where an inmate complains about a "temporary

delay in the provision of otherwise adequate treatment, it is appropriate to focus on the

challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying*

*medical condition* alone in analyzing whether the alleged deprivation is, in objective

terms, sufficiently serious, to support an Eighth Amendment claim."  See Smith v.

Carpenter, 316 F.3d 178, 185 (quotations and citation omitted; emphasis in original).

Where a plaintiff suffers from an ordinarily insignificant medical condition, a delay

in treatment may constitute deliberate indifference if the condition worsens and creates

a substantial risk of injury.  See id. at 186.  On the other hand, delay in treatment of a

life-threatening condition may not violate the Eighth Amendment if the delay does not

cause additional harm beyond that which would have occurred even with earlier medical

attention.  See id.  Further, a delay in providing medical care may rise to the level of

deliberate indifference where prison officials deliberately delayed care as a form of

punishment.  See Demata v. New York State Corr. Dep't of Health Servs., No. 99-0066,

198 F.3d 233 (Table), 1999 WL 753142, at *2 (2d Cir. Sept. 17, 1999).

Here, based on the evidence recited above, no reasonable fact finder could

conclude that Sergeant Flores acted with deliberate indifference to plaintiff's medical

needs.  There is no evidence that plaintiff's medical condition was life-threatening or

fast-degenerating, or that he was experiencing extreme pain that more rapid treatment would have alleviated.  Nor does plaintiff proffer any evidence from which a reasonable juror could conclude that the delay in treatment resulted in any serious or lasting harm. Moreover, nothing in the record suggests that Sergeant Flores deliberately delayed plaintiff's medical treatment as a form of punishment.  Accordingly, I conclude, and respectfully recommend, that defendant Flores is entitled to summary judgment in his favor as to plaintiff's Eighth Amendment claim for deliberate indifference.

## IV.  CONCLUSION

For the foregoing reasons, I respectfully recommend that defendant Flores's motion for summary judgment should be granted and plaintiff's deliberate indifference claim should be dismissed.

## V.  NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report  to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections.  See Fed. R. Civ. P. 6(d).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York,

objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).


Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.


Dated: September 17 , 2009          Respectfully Submitted:
       White Plains, New York

                                    _____
                                    GEORGE A. YANTHIS, U.S.M.J.