UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

FERNANDO GUERRERO,

        Plaintiff,

v.

B. WHITE-EVANS, CORRECTIONS OFFICER AT SING SING CORRECTIONAL FACILITY, C. FISHER, CORRECTIONS OFFICER AT SING SING CORRECTIONAL FACILITY, AND J. FLORES, SERGEANT AT SING SING CORRECTIONAL FACILITY,

        Defendants.

06 Civ. 5368 (SCR)

OPINION AND ORDER

**STEPHEN C. ROBINSON, District Judge:**

    Plaintiff Fernando Guerrero, proceeding *pro se*, is an inmate of the New York State Department of Correctional Services and is presently incarcerated at Sing Sing Correctional Facility. Plaintiff commenced an action pursuant to 42 U.S.C. § 1983 on the grounds that (1) defendant Corrections Officer White-Evans and Fisher subjected Plaintiff to excessive force; and (2) defendant Sergeant Flores was deliberately indifferent to plaintiff's serious medical needs. Defendant Flores submitted a motion for summary judgment pursuant to Fed. R. Civ. P. 56. This matter was referred to United States Magistrate Judge George A. Yanthis, who issued a Report and Recommendation on September 17, 2009, recommending that the Defendant's motion to dismiss be granted in full.

1

Plaintiff had the right to file written objections to the Report and Recommendation within fourteen days from September 17, 2009. 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b). Plaintiff filed timely objections to the Report and Recommendation on September 28, 2009.

For the reasons set forth in this Memorandum Order, this Court adopts the Report and Recommendation in its entirety.

## I.     BACKGROUND

Knowledge of the facts alleged in Guerrero's Complaint, as described in Part II of Judge Yanthis's Report and Recommendation, is assumed for purposes of this order.

## II.    STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C §636(b)(1)(C). To accept a Report and Recommendation to which no timely objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp 815, 817 (S.D.N.Y. 1991) (noting that a court may accept an unobjected-to report if it is "not facially erroneous").

A party may file "*specific* written objections," Fed. R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and, in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. Fed. R. Civ. P. 72(b)(3); 28

U.S.C. 636(b)(1); *see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). The phrase "de novo determination" in section 636(b)(1)—as opposed to "de novo hearing"—was used by Congress "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

A district court may, in its sound discretion, afford a degree of deference to the Magistrate Judge's Report and Recommendation. *Id.* "[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992). However, "[t]o the extent . . . that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Harden v. LaClaire*, No. 07 Civ. 4592, 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008) (collecting cases); *see also Camardo*, 806 F. Supp. at 381-82.

This standard of review must be applied while remaining cognizant of the Court's obligation to construe a *pro se* litigant's submissions liberally so that they raise the strongest possible arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (citations omitted).

### III.   DISCUSSION

Plaintiff's objections to the Report and Recommendation are that (1) he believes he has shown that the delay in treatment caused him detrimental pain and suffering, as a result of the jaw surgery he underwent on February 10, 2005; (2) Judge Yanthis failed to take into account the fact that Sergeant Flores is a security risk to the well-being of the

3

inmates and safety of the staff at Sing Sing Correctional Facility; (3) Flores deliberately and maliciously refused to take Plaintiff to the hospital to be treated for his injuries; and (4) Flores did not follow the responsibilities and duties he has as a sergeant for the Department of Correctional Services.

The Court finds that even under a lenient reading, Plaintiff has not raised valid objections. Instead, his objections restate the arguments that were already considered by Judge Yanthis and are general, conclusory statements that do not trigger a *de novo* review of the Report and Recommendation. Therefore, the Court reviews the Report and Recommendation for clear error.

The Report and Recommendation correctly cites the law governing Eighth Amendment claims for deliberate indifference, which requires the Plaintiff to demonstrate (1) that he suffered from a serious medical condition that could result in death, degeneration, or extreme pain, and (2) that Defendant Flores knowingly disregarded this threat to his health. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Judge Yanthis appropriately focuses on the "challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition* . . . in analyzing whether the alleged deprivation is, in objective terms, sufficiently serious, to support an Eighth Amendment claim." *Smith v. Carpenter*, 316 F.3d 178, 185 (quotations and citation omitted; emphasis in original).

Applying that standard, Judge Yanthis found that no reasonable fact finders could conclude that Sergeant Flores acted with deliberate indifference to Plaintiff's medical needs. Judge Yanthis found that Plaintiff's medical condition was not life-threatening or fast-degenerating, nor was Plaintiff experiencing such extreme pain that more rapid

4

treatment would have alleviated. He apparently did not find it credible that the jaw surgery was a result of the incident underlying Plaintiff's claims or could have been prevented by faster treatment, and he did not accept Plaintiff's assertion that he has suffered serious or lasting harm as a result of any delay in treatment. Judge Yanthis also concluded that the evidence did not support Plaintiff's claim that Defendant Flores deliberately delayed treatment as a form of punishment. The Court finds no clear error in Judge Yanthis's fact finding, legal analysis, or conclusions.

## IV. CONCLUSION

The Court adopts the Report and Recommendation in its entirety. The Clerk of the Court is directed to term docket number 28.

It is So Ordered.

Dated: White Plains, New York

March 30, 2010

Stephen C. Robinson, U.S.D.J.